AO 243 (Rev. 5/85) @

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)  MAGISTRATE JUDGE

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions—Read Carefully*   05   10709 NMG

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

Form E (2)(c)

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District Massachusetts | |
|---|---|---|
| Name of Movant Benjamin Gonzalez | Prisoner No. 80333-038 | Case No. 01:CR-40037 |
| Place of Confinement FCI RAYBROOK | | |

UNITED STATES OF AMERICA      v.      BENJAMIN CONAZLEZ

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

   ___ United States District Court, District of Massachusetts

2. Date of judgment of conviction ___ Nov. 19, 2002

3. Length of sentence ___ 135 Months, 5 years supervised release

4. Nature of offense involved (all counts) ___ 21 USC § 841(a)(1) (4 Counts)

   _____

   _____

   _____

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☑
   - (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☐
   - (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court___First Circuit COA_____

   (b) Result___Judgement Affirmed_____

   (c) Date of result___Jan. 19, 2005_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
   Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

       (2) Nature of proceeding _____

           _____

       (3) Grounds raised_____

           _____

           _____

           _____

           _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐ No ☐

       (5) Result_____

       (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

           _____

       (3) Grounds raised_____

           _____

           _____

           _____

           _____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5)  Result_____

(6)  Date of result _____

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1)  First petition, etc.           Yes ☐ No ☐
(2)  Second petition, etc.        Yes ☐ No ☐

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: __Denial of Effective Assistance of Trial and Appellate Counsel__

Supporting FACTS (state *briefly* without citing cases or law) __Based upon both counsel's failure to raise a meritorious issue, I was enhanced by at least 14 months.__

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

AO 243 (Rev. 5/85)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

Ground I was not raised because counsel's reasons for not raising

this issue for not appear on the record.

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ___ Richard Walsh, esquire

_____

(b) At arraignment and plea ___ Same

_____

(c) At trial _____

_____

(d) At sentencing ___ Same

_____

AO 243 (Rev. 5/85)

(e) On appeal     Geoffrey DuBosque _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☑ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

   (b) Give date and length of the above sentence: _____

_____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
                                   Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
             (date)

                            X _____
                                   Signature of Movant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

      V.

BENJAMIN GONZALEZ,

Crim. No. 4:01-CR-40037
(Hon. Nathanial Gorton)

PETITION PURSUANT TO 28 USC
§ 2255.

A. Introduction

On December 12, 2001, a grand jury sitting for the District of Massachusetts, returned a four-count indictment, charging the Movant with violating 21 U.S.C. § 841(a)(1) (Counts I-III charge possession of cocaine base with intent to distribute; while Count IV charges possession of cocaine hydrochloride with intent to distribute).

Richard M. Welsh, Esquire was appointed pursuant to the C.J.A. plan. On July 3, 2002, the Movant appeared before this Court, and pleaded guilty to Counts I-IV of the above noted indictment.

A Pre-Sentence Report was prepared by the U.S. Department of Probation, and which is referenced herein. Based upon the Report's assessment of relevant drug weight, after conversion, it was determined that the appropriate offense level equated to 34. As the Movant pleaded guilty in a timely fashion, a total of 3 points was deducted from the offense level. (PSR ¶41). The resulting adjusted offense level equated to 31. (PSR ¶43)

The Movant's Criminal History was assessed. On 4/21/97, the Movant was convicted of attempted criminal sale of a controlled substance in New York State, and pursuant to a plea agreement, he

was sentenced to a term of 5 years probation. As a result, 1
Criminal History point was assessed. (PSR ¶45)

On 3/31/98, the Movant was convicted of Sexual Abuse in New
York State, which involved a consensual relationship between
Elizabeth Martinez, and the Movant. The Movant was unaware of Ms.
Martinez's age, and was arrested as a result of her guardian
informing the authorities. The Movant pled guilty on 3/31/98, and a
was sentenced to "Conditional Discharge"; which is defined as a
"suspended sentence" in New York State's Penal Law ¶70.00. As a
result of this conviction, the PSR assessed 1 Criminal History
point (PSR ¶46); however, it is asserted in the instant petition
that this finding was incorrect.

I.

### UNDER THE USSG 4A1.2(b)(1), AS NO SPECIFIC TERM OF IMPRISONMENT WAS IMPOSED, NO CRIMINAL HISTORY POINTS WERE TO BE COUNTED FOR THIS CONVICTION.

The Movant asserts that since he served no time for this
1998 conviction, his state sentence should not qualify as a
"sentence of imprisonment" for purposes of determing criminal
history points. Under Section 4A1.2(b)(1), a "sentence of
imprisonment" is defined as "a sentence of incarceration and refers
to the maximum sentence imposed." Application Note 2 to Section
4A1.2 provides, however: "To qualify as a sentence of imprisonment,
the defendant must have actually served a period of imprisonment on
such sentence (or, if the defendant escaped, would have served
time)."

In this case, the Movant urges that since the Movant did not serve an actual term, following the imposition of the sentence of "Conditional Discharge", that the sentence is deemed "suspended", and does not count as a "sentence of imprisonment" for purposes of determining criminal history points. United States v. McCrary, 887 F.2d 485 (4th Cir. 1989); U.S. v. Thompson, 925 F.2d 234, 235 (8th Cir. 1991); U.S. v. Gordon, 346 F.3d 135 (5th Cir. 2003); U.S. v. Pielago, 135 F.3d 703 (11th Cir. 1998).

B. Procedural History

Following the Movant's plea, on November 19, 2002, the district court imposed a sentence of 135 months of imprisonment on each count of the indictment to be served concurrently. Additionally, the district court ordered that upon release from prison, the Defendant would be placed on 5 years of supervised release, and to be subject to periodic drug tests, as directed by the Probation Office. On December 2, 2002, a timely notice of appeal was filed by the Movant.

Mr. Geoffrey DuBosque, Esquire was assigned as appellate counsel, and attemted to file an Anders brief on September 8, 2003. On March 22, 2004, the Court of Appeals for the First Circuit denied counsel's motion to withdraw and requested counsel file a merits brief addressing the issue of drug treatment and drug testing conditions in light of the decision in U.S. v. Melendez-Santana, 353 F.3d 93 (1st Cir. 2003).

Counsel filed the requested brief, however on January 19, 2005, the Court of Appeals affirmed the judgment of conviction, in light of the progeny decision in U.S. v. Padilla, No.03-1918, slip

op. (1st Cir. Dec.23, 2004).

The Movant has not previously filed a motion to vacate or set aside his sentence; thus the instant petition is timely filed. C. Section 2255 provides four grounds that justify relief for a federal who challenges the imposition of length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) that the court was without jurisdiction to impose such a sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "that the sentence is otherwise subject to collateral attack".

In the instant proceeding, it is asserted that both Mssr's Richard M. Welsh, and Mr. Geoffrey DuBosque were individually ineffective by their failure to raise this meritorious issue. Mr. Welsh, prior to sentencing; and Mr. DuBosque, upon appeal.

II.

### THE PETITIONER WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSELS', BOTH AT SENTENCING AND UPON APPEAL.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecution. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction, the defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. See Glover v. U.S., 531 U.S. 198 (2001) (assuming counsel erred in failing to press grouping argument in sentencing phase of the defendant's trial and upon appeal, increase

4

in sentence from 6 to 21 months constituted prejudice for purpose
of ineffective claim); Williams v. Taylor, 529 U.S. 362 (2000)
(same).

Similarly, in the context of an appeal, a defendant may
demonstrate prejudice by showing that had counsel raised the issue,
the court of appeals would have vacated and remanded for proper
analysis. See, U.S. v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000);
U.S. v. Williamson, 183 F.3d 458 (5th Cir. 1999) (counsel's failure
to cite controlling precedent was ineffective assistance because it
was objectionally unreasonable and resulted in prejudice to the
defendant); Mason v. Hanks, 97 F.3d 887 (7th Cir. 1996) (same);
Delgado v. Lewis, 223 F.3d 976 (9th Cir. 2002).

D. In this present case, had trial counsel objected to the
PSR's assessment in ¶46, the Report would have been amended based
both on controlling precedent law, and a plain reading of the
Commentary to the USSG section 4A1.2(b)(1) (sentence of
imprisonment). Likewise, appellate counsel also dropped the ball;
first in his initial filing of the Anders brief, and by his failure
to raise this obvious, and meritorious issue.

E. Prejudice to the Movant. Here, had trial counsel timely
objected to assessment of this criminal history point, the Movant's
relevant Guideline Range would have been from 121 to 135 months of
imprisonment. As the Statutory Minimum sentence was 121 months, it
is not unreasonable to presume that the Movant would have received
the minimum sentence allowed.

F. Conclusion

As the Movant has demonstrated a valid issue within this petition, it is resspectfully asserted that he is entitled to resentencing, based upon a correct Guideline interpretation.


Respectfully,

Benjamin Gonzalez
80333-038

Dated: March 26, 2005

6