United States District Court
District of Massachusetts

```
_____
                               )
BENJAMIN GONZALEZ,             )
                               )
        Petitioner,            )
                               )   Civil Action No.
     v.                        )   05-10709-NMG
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Petitioner Benjamin Gonzalez ("Gonzalez") files this petition for habeas corpus, pursuant to 28 U.S.C. § 2255, following his November 19, 2002, conviction on three counts of possession with intent to distribute, and the distribution of, cocaine base in violation of 18 U.S.C. § 841(a)(1) and one count of possession with intent to distribute, and the distribution of, cocaine in violation of 18 U.S.C. § 841(a)(1). Gonzalez alleges that his Sixth Amendment right to the effective assistance of counsel was violated at both his trial and on appeal.

Gonzalez contends that trial counsel erred by failing to object to this Court's use of a prior conviction, for which he did not receive jail time, to impose an additional criminal history point. He argues that no criminal history points should have been imposed for this conviction because he served no jail

-1-

time (citing United States Sentencing Guidelines, § 4A1.2(b)(1)). Similarly, petitioner alleges that his appellate counsel erred by failing to object to the inclusion of that prior conviction as part of his criminal history.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong, conjunctive test for determining when counsel has been constitutionally defective. The defendant must show 1) that the lawyer's performance was objectively unreasonable and 2) that the unreasonable performance resulted in prejudice, defined as a reasonable probability that but for counsel's error there would have been a different legally relevant outcome. Id. at 669. The test is highly deferential to counsel, id., and petitioner has failed to meet the required threshold for relief.

Neither trial nor appellate counsel acted unreasonably in failing to object to the fact that the sentencing court accounted for the subject prior conviction in determining the petitioner's criminal history. Petitioner's claim hinges on U.S.S.G., § 4A1.2(b)(1) which defines a "sentence of imprisonment" as a sentence of incarceration. This Court did not, however, assign criminal history points for that prior conviction under the related "sentence of imprisonment" provision of § 4A1.1(a) but rather under U.S.S.G., § 4A1.1(c). That is because the 1998 conviction, while not resulting in an incarceration, nonetheless

is a scorable prior sentence (See U.S.S.G., §§ 4A1.1(c) and 4A1.2(a)(1) (defining "prior sentence" to mean <u>any</u> <u>sentence</u> previously imposed upon adjudication of guilt) (emphasis added). The Guidelines are clear that incarceration is not a prerequisite for a prior sentence to result in the imposition of a criminal history point.

Counsel has no obligation under <u>Strickland</u> to raise claims that are facially without merit. <u>Acha</u> v. <u>United States</u>, 910 F.2d 28, 32 (1st Cir. 1990). Because there was no error in this regard, Gonzalez cannot establish unreasonable performance in counsel's failure to object to the accountability of the 1998 conviction. Petitioner's claim of ineffective assistance of counsel, therefore, fails.

**ORDER**

In accordance with the foregoing, the motion to vacate is **DENIED** and this petition for a writ of habeas corpus is **DISMISSED.**

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

June /2, 2006